HELEN JEAN MERCORD, NOW HELEN JEAN TURNER,
v. STANLEY F. MERCORD.

215 N. W. 2d 792.

March 8, 1974—No. 44261.

*John J. Doherty,* for appellant.
*Larson, Bryngelson, Ahl, Greensweig & Halberg* and *Robert W. Ahl,*
for respondent.

Heard before Knutson, C. J., and Otis, MacLaughlin, and Mulally, JJ.,
and considered and decided by the court.

PER CURIAM.

This is an appeal from an order directing plaintiff to execute the nec-
essary documents to divest herself of all right, title, and interest to cer-
tain real estate located in Cass County, Minnesota, or, in the alterna-
tive, directing the Cass County register of deeds to transfer the real
estate to defendant's administratrix.

Plaintiff, Helen Jean Mercord, and defendant, Stanley F. Mercord,
were divorced by a decree of the Hennepin County District Court on
August 25, 1949. Pursuant to a stipulation between the parties, the
decree provided that defendant pay to plaintiff a total sum of $2,000 as
and for alimony in consecutive monthly installments of $50 or more
until paid in full. The decree then stated:

"* * * That upon full and timely payment by defendant to plaintiff
as hereinbefore set forth, all right, title and interest of the plaintiff in
and to premises described [legal description follows] shall be forever
extinguished and barred, and that upon such full and timely payment
to her, plaintiff shall join in such documents necessary to divest her
of title to said real property * * *."

The prescribed alimony was paid by defendant in full on March 2,
1953. Defendant died 19 years later, never having demanded or received

from plaintiff any "documents necessary to divest her of title to said real property."

In January 1973, the administratrix of defendant's estate brought a motion in the original action which resulted in the order from which plaintiff appeals. Plaintiff concedes that the alimony has been fully paid but alleges that the statute of limitations bars defendant's motion.

We decline to decide this case based upon whether defendant's motion is in the nature of an "action" which is barred by the statute of limitations. Rather, we hold, under the peculiar facts of this case, and applying principles of equity, that the decree is self-executing and that, therefore, title vested in the defendant at the time alimony was paid. Defendant's administratrix may perfect title of record by filing the judgment and decree with the Cass County register of deeds along with an affidavit reciting that all alimony required under the decree has been paid in full.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.